IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT MICHAEL SHAGOURY,

    Plaintiff,

vs.                                                                                                   No. 14cv31 SWS/KBM

UNITED STATES OF AMERICA
(Drug Enforcement Administration)
(Michele M. Leonhart),

    Defendant.

## MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT

**THIS MATTER** comes before the Court on pro se Plaintiff Robert Michael Shagoury's Application to Proceed in District Court Without Prepayment of Costs and Fees, filed January 9, 2014, *see* Doc. 2 (hereinafter called "motion to proceed IFP"), and on the Court's concomitant obligation "to review the affidavit and screen [his] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. If the Court determines that "the allegation of poverty is untrue," or that a complaint filed without the prepayment of filing fees fails to state a claim or "seeks monetary relief against a defendant who is immune from such relief," it must dismiss the case. *See* §

1915(e)(2)(A), (B); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that dismissal of complaints under § 1915(e) is now mandatory).

Regarding the ability-to-pay prong of the IFP analysis, IFP status should be granted only if a plaintiff demonstrates that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and his dependents with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). Shagoury, who is 64 years old and single with no dependents, has an income of $713/month from social security benefits. *See* Doc. 2 at 2. He lives in homeless shelters and hotels and pays storage fees, and may be indigent. *See* Doc. 2 at 5-8. As discussed below, however, permission to proceed IFP must be denied and his Complaint must be dismissed even if he were indigent.

I.   **Applicable legal standards**

"Federal courts are courts of limited jurisdiction, and the presumption is that they lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it." *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994). "[T]he party pleading jurisdiction must allege in his pleading the facts essential to show jurisdiction." *Id.* (internal quotation marks omitted). In determining whether Shagoury has stated a cognizable federal claim against the United States, the Court will accept as true Shagoury's factual allegations and construe them, and any reasonable inferences to be drawn from them, in the light most favorable to him. *See Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007). But the Court "will not supply additional facts, [or] construct a legal theory for [a] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

2

The Court must dismiss a case at any time if it determines that it "lacks subject-matter jurisdiction." FED. R. CIV. P. 12(h)(3); *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) ("A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking. . . . If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*. Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation.") (internal citations omitted).

Neither the United States, its departments and agencies, nor its employees acting within their scope of employment may be sued without the United States' explicit waiver of sovereign immunity. A waiver of

> sovereign immunity must be strictly construed in favor of the sovereign and may not be extended beyond the explicit language of the statute. It long has been established, . . . that the United States, as sovereign, is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain suit. A waiver of sovereign immunity cannot be implied, but must be explicitly expressed.
>
> * * * *
>
> The burden is on the [plaintiff] to find and prove an explicit waiver of sovereign immunity.

*Fostvedt v. United States*, 978 F.2d 1201, 1202-03 (10th Cir. 1992) (internal quotation marks and citations omitted); *see also FDIC v. Meyer*, 510 U.S. 471, 475 (1994) (noting that sovereign immunity generally precludes damage claims against the United States government).

> A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972); *see also Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); *Gillihan v. Shillinger*, 872 F.2d 935, 938 (10th Cir.1989). We believe that this rule means

that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements. . . .

> The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. . . . [A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted.

*Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[T]o state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated.

*Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

### II. Shagoury's Complaint fails to invoke the Court's subject-matter jurisdiction.

Shagoury titles his Complaint as follows: "Complaint for Attempt to Administer with Intent to Kill, Administering with Intent to Kill, Attempt to Administer with Intent Injure and Administering with Intent to Injure." Doc. 1 at 1. The Complaint, however, is completely devoid of factual allegations, and nothing explains what allegedly happened. *See id.* There are no allegations showing waiver of the United States' sovereign immunity. Shagoury has, therefore, failed to invoke the subject-matter jurisdiction of this Court. Shagoury attempts to "reserve the right to supplement and/or otherwise amend this complaint." *Id.* But under § 1915(e), when a plaintiff is attempting to proceed without prepaying filing fees and costs, the Court must dismiss any complaint that does not state a cognizable federal claim or that seeks to sue an immune defendant. *See Trujillo*, 465 F.3d at 1217 n. 5.

**IT IS ORDERED** that Shagoury's motion to proceed IFP (Doc. 2) is DENIED and his Complaint is DISMISSED without prejudice for lack of subject-matter jurisdiction.

_Karen Bmolzer, US Magistrate Judge_
_for  02/04/14_
_____
**SCOTT W. SKAVDAHL**
**UNITED STATES DISTRICT JUDGE**